NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CAPISTRANO UNIFIED SCHOOL DISTRICT, | Nos. 20-55961 20-55987 |
| Plaintiff-Appellant/ Cross-Appellee, | D.C. Nos. 8:18-cv-01896-JVS-DFM 8:18-cv-01904-JVS-DFM |
| v. | |
| S.W. and C.W., on behalf of their minor child, B.W., | MEMORANDUM* |
| Defendants-Appellees/ Cross-Appellants. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted September 3, 2021
Pasadena, California

Before: Mark J. Bennett and Ryan D. Nelson, Circuit Judges, and David A. Ezra,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

We addressed most of the parties' claims in a concurrently-filed published opinion. Here we address reimbursement of costs for second grade and occupational therapy services. The district court abused its discretion in ordering reimbursement for tuition and services for second grade. But the district court did not abuse its discretion in awarding reimbursement for occupational therapy services.

1. The district court abused its discretion in ordering reimbursement for second grade. The ALJ awarded reimbursement for second grade because she held that Capistrano violated its duty to prepare an IEP for that year. But because the district court found that there was no duty to prepare an Individualized Education Plan (IEP) for that year, the district court's second grade reimbursement award was thus untethered from any particular wrong. At oral argument, Capistrano disclaimed any reliance on the argument that, as a matter of law, reimbursement could never be appropriate relief in years in which there are no violation, and so we do not address that question here. Instead, we agree with Capistrano that, given the particular facts of this case, because it awarded a remedy untethered from any wrong, the district court abused its discretion in ordering reimbursement for second grade. The district court's choice of a remedy must be logical, plausible, and supported by inferences that may be drawn from facts in the record. *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, 813 F.3d

1155, 1163 (9th Cir. 2015). Here, on these particular facts, the district court's award of reimbursement for second grade was illogical because it did not tether that award to any particular wrong.

2. The district court did not abuse its discretion in ordering reimbursement for occupational therapy ("OT"). Capistrano argues that B.W.'s parents waived OT reimbursement by affirmatively stating in front of the ALJ that OT was not at issue. But in the district court, Capistrano explicitly acknowledged that the parents *did* raise OT reimbursement in front of the ALJ, by referring several times to their "request for reimbursement of speech or OT services." And regardless, the parents did raise OT reimbursement below. B.W.'s parents did not challenge Capistrano's provision of OT services, but that does not mean that they thought those services were unnecessary. What's more, in separate portions of the hearing, the parents explicitly raised OT reimbursement in front of the ALJ. They asked the ALJ to order Capistrano "to reimburse parents for their tuition cost and related expenses -- including speech and language therapy, *occupational therapy*, and social skills instruction," as well as other expenses.

Capistrano waived its argument that OT services went above and beyond what was required for a free appropriate public education ("FAPE"). "Arguments not raised by a party in its opening brief are deemed waived." *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008). Capistrano waived its

3

argument that the OT services exceeded what was needed to provide a FAPE by failing to raise it in its opening brief, which argued only that B.W.'s parents waived OT reimbursement. Because it raised the issue only in its reply brief, Capistrano waived its argument that the OT services went above and beyond what was required for a FAPE.

We hold that the district court abused its discretion in ordering reimbursement for tuition and services for second grade but did not abuse its discretion in awarding reimbursement for occupational therapy services. The district court's judgment is therefore **AFFIRMED IN PART** and **REVERSED IN PART**. As stated in the concurrently-filed published opinion, we **REMAND** the case to the district court for the limited purpose of considering attorneys' fees.